ANDREW NELSON
Assistant Federal Defender
Federal Defenders of Montana
Missoula Branch Office
125 Bank Street, Suite 710
Missoula, Montana 59802
Phone: (406) 721-6749
Fax: (406) 721-7751
Email: andy_nelson@fd.org

Attorney for Defendant

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> CASEY MILLS HOWARD, <br><br> Defendant. | CR 21-48-M-DWM <br><br> **BRIEF IN SUPPORT OF UNOPPOSED MOTION FOR AN ENDS OF JUSTICE CONTINUANCE PURSUANT TO 18 U.S.C. § 3161** |

CASEY MILLS HOWARD is charged by Indictment with one count of transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1), one count of distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2), and one count of receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2).

Defense counsel retained Dr. Michael Scolatti to interview and evaluate Mr. Howard. Dr. Scolatti is scheduled to perform the testing component of his

evaluation on December 14, 2021 in Missoula. More time is required to allow Dr. Scolatti to interview Mr. Howard and author his evaluation, the results of which could inform potential pretrial motions and impact plea negotiations.

For that reason, Mr. Howard requests a continuance of the trial date and all associated deadlines, and has waived his Speedy Trial Rights through March 7, 2021.

## ARGUMENT

"The Speedy Trial Act 'gave effect to a Federal defendant's right to speedy trial under the Sixth Amendment and acknowledged the danger to society represented by accused persons on bail for prolonged periods.'" *United States v. Rojas-Contreras*, 474 U.S. 231, 238 (1985) (J. Blackmun concurring) (citation omitted). The Speedy Trial Act requires a defendant to be tried within seventy days of his indictment or of his initial appearance, whichever is later. *See* 18 U.S.C. § 3161(c)(1). The Act further provides, however, that:

> (h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:
>
> > (7)(A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a

> continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). The Ninth Circuit imposes exacting standards before an "ends of justice" continuance can be granted. As the Circuit explained, "a district court may grant an 'ends of justice' continuance only if it satisfies two requirements: (1) the continuance is 'specifically limited in time'; and (2) it is 'justified [on the record] with reference to the facts as of the time the delay is ordered.'" *United States v. Clymer*, 25 F.3d 824, 828 (9th Cir. 1994) (quoting *United States v. Jordan*, 915 F.2d 563, 565 (9th Cir. 1990)) (additional citations omitted). Here, Mr. Howard requests a defined extension – a no later than March 7, 2022 trial setting. As set forth above, the posture of this matter justifies the requested extension. Mr. Howard believes the failure to grant a continuance would result in a miscarriage of justice, per 18 U.S.C. § 3161(h)(7)(A) and (B).

Mr. Howard believes that his case falls within 18 U.S.C. § 3161(h)(7)(B)(i), (ii), and (iv), which permit the Court to (i) grant a continuance to prevent a miscarriage of justice, or (ii) declare a case to be unusual or complex, or (iv) grant a continuance to permit the defense reasonable time necessary for effective preparation, and thus warrants a time extension beyond the Speedy Trial limits. These sections provide:

(B) The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

. . .

> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Trying the case on the current schedule would result in a miscarriage of justice. This case is unusual and complex and more time is necessary to ensure justice and permit reasonable time necessary for effective preparation.

## CONCLUSION

Given the need for Mr. Howard to be interviewed and for Dr. Scolatti to prepare his evaluation, an ends of justice continuance is appropriate. Pursuant to a Speedy Trial Waiver to be filed separately, Mr. Howard is willing to have his case

tried as late as March 7, 2022, and respectfully requests that the Court order an extended schedule.

Dated this 1st day of December, 2021.

                                                          CASEY MILLS HOWARD

                                                        /s/ Andrew Nelson
                                                        ANDREW NELSON
                                                        Assistant Federal Defender
                                                        Federal Defenders of Montana
                                                              Counsel for Defendant

# CERTIFICATE OF COMPLIANCE

I hereby certify that this brief in support of unopposed motion for an ends of justice continuance pursuant to 18 U.S.C. § 3161 is in compliance. The brief's line spacing is double spaced, and is proportionately spaced, with a 14 point font size and contains less than 6,500 words. (Total number of words: 914 excluding tables and certificates).

Dated this 1st day of December, 2021.

    CASEY MILLS HOWARD

By:   /s/ Andrew Nelson
     ANDREW NELSON
     Assistant Federal Defender
     Federal Defenders of Montana
      Counsel for Defendant

# CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2021 a copy of the foregoing document was served on the following persons by the following means:

| | |
|---|---|
| 1, 2 | CM-ECF |
| ____ | Hand Delivery |
| 3 | Mail |
| ____ | Overnight Delivery Service |
| ____ | Fax |
| ____ | E-Mail |

1. CLERK, UNITED STATES DISTRICT COURT

2. CYNDEE PETERSON
   Assistant U.S. Attorney
   Counsel for the United States of America

3. CASEY MILLS HOWARD
   Defendant

By: /s/ Andrew Nelson
ANDREW NELSON
Assistant Federal Defender
Federal Defenders of Montana
Counsel for Defendant