ANDREW NELSON
Assistant Federal Defender
Federal Defenders of Montana
Missoula Branch Office
125 Bank Street, Suite 710
Missoula, Montana 59802
Phone: (406) 721-6749
Fax: (406) 721-7751
Email: andy_nelson@fd.org

Attorney for Defendant

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CASEY MILLS HOWARD,<br><br>Defendant. | CR 21-48-M-DWM<br><br><br>**DEFENDANT'S SENTENCING MEMORANDUM** |

CASEY MILLS HOWARD comes before the Court for sentencing on one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).  He faces a statutory maximum of 20 years imprisonment and a supervised release term of five years to life.  The United States Probation Office has calculated a Guidelines range of 135-to-168 months (Total Offense Level 33;

Criminal History Category I). Mr. Howard has no objections to the presentence report (PSR).

The parties have agreed to a jointly recommended sentence of five years probation. PSR ¶ 76. Mr. Howard files this sentencing memorandum in support of that request.

## ARGUMENT

### A. The 18 U.S.C. § 3553(a) sentencing factors.

In fashioning a reasonable sentence that comports with the sentencing factors in 18 U.S.C. § 3553(a), the starting point is the Guidelines calculation. *United States v. Zavala*, 443 F.3d 1165, 1168-69 (9th Cir. 2006). Once the proper Guidelines benchmark has been calculated, the sentencing court must consider each of the § 3553(a) factors to impose a sentence sufficient, but not greater than necessary, to fulfill the purposes of sentencing. *Gall v. United States*, 552 U.S. 38, 48-51 (2007); *United States v. Carty*, 520 F.3d 984 (9th Cir. 2008) (en banc). The sentencing court enjoys broad discretion to consider, without limitation, any information concerning the background, character, and conduct of the defendant in imposing a reasonable sentence. *Pepper v. United States*, 562 U.S. 476, 488-489 (2011).

Although the Guidelines range "should be the starting point and the initial benchmark," a district court may not presume that the Guidelines range is reasonable. *Gall*, 552 U.S. at 48; *Carty*, 520 F.3d at 991. Nor are "extraordinary"

circumstances required to justify a non-Guidelines sentence. *Gall*, 552 U.S. at 47. The Guidelines are to be given no greater weight than any other § 3553(a) factor. *Gall*, 552 U.S. at 45-46, 48-51; *Carty*, 520 F.3d at 991. The sentence is ultimately reviewed for abuse of discretion and the appellate court cannot apply a presumption of unreasonableness to a sentence outside the Guidelines range. *Gall*, 552 U.S. at 50-51.

**B.     The 18 U.S.C. § 3553(a) factors support a sentence of probation as sufficient but not greater than necessary.**

Mr. Howard turned 21 in January while this case was pending. The PSR reflects that Mr. Howard began to possess c.p. images beginning in December 2017 when he was just 16. In his letter of acceptance, Mr. Howard mentions that his involvement began when he was a minor and grew into a habit and an addiction that he was not equipped to address. See PSR ¶ 28. This aspect of the offense conduct supports the request for probation. A significant term of supervised release can protect the public while insuring that Mr. Howard receives the help he did not know how to get before he was indicted. What is particularly encouraging in terms of the offense conduct is that Mr. Howard has not engaged in similar behavior for a few years now.

Mr. Howard never knew his biological father. His mother abused drugs and alcohol and did not properly care for Mr. Howard as an infant; she left him in his car seat so frequently that the back of his head was flat and he was malnourished when

his grandmother Marion Howard took over his care. PSR ¶ 52. Marion remains Mr. Howard's primary source of support.

Mr. Howard has no criminal history. PSR ¶¶ 45-51.

Mr. Howard suffers from Persistent Depressive Disorder and Posttraumatic Stress Disorder according to Dr. Michael Scolatti. PSR ¶ 61. He attends mental health counseling sessions which helps alleviate severe social anxiety. PSR ¶ 63.

## C.      The AVA special assessment should not be applied.

The $5,000 JVTA special assessment does not apply as Mr. Howard is indigent. See PSR ¶¶ 82, 86. The PSR references the Amy, Vicky, and Andy Victim Assistance Act codified at 18 U.S.C. § 2259A. PSR ¶ 83. Mr. Howard has agreed to shoulder a significant restitution obligation, was receiving disability compensation until recently, and has a very limited employment history. PSR ¶¶ 68-71. Mr. Howard's income, earning capacity, and financial resources are extremely limited. See 18 U.S.C. § 3572(a)(1); PSR ¶ 72. In combination with the § 3553(a) factors described in this memorandum, these factors suggest that an AVA special assessment is not warranted here.

# CONCLUSION

Mr. Howard respectfully requests a sentence of five years probation, as jointly

recommended with the government.

RESPECTFULLY SUBMITTED this 27th day of June, 2022.

CASEY MILLS HOWARD

/s/ Andrew Nelson
ANDREW NELSON
Assistant Federal Defender
Federal Defenders of Montana
    Counsel for Defendant

# CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2022 a copy of the foregoing document was served on the following persons by the following means:

| | |
|---|---|
| 1, 2 | CM-ECF |
| | Hand Delivery |
| 3 | Mail |
| | Overnight Delivery Service |
| | Fax |
| | E-Mail |

1. CLERK, UNITED STATES DISTRICT COURT

2. CYNDEE PETERSON
   Assistant U.S. Attorney
       Counsel for the United States of America

3. CASEY MILLS HOWARD
       Defendant

By:   /s/ Andrew Nelson
    ANDREW NELSON
    Assistant Federal Defender
    Federal Defenders of Montana
       Counsel for Defendant